IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA PALCZYNSKY, individually and on behalf
of all class members and all those similarly situated,

       Plaintiffs,

v.                                                                                            No. 2:21-cv-1125 DHU/KRS

OIL PATCH GROUP, Inc.,

       Defendant.

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY PROCEEDINGS
AND GRANTING DEFENDANT'S MOTION TO EXTEND DEADLINE**

       THIS MATTER is before the Court on Defendant's Motion to Stay Proceedings, (Doc. 33), filed August 22, 2022, and Motion to Extend Deadline to Respond to Plaintiffs' Motion for Conditional Certification, (Doc. 35), filed August 26, 2022. The presiding judge has asked the undersigned to rule on the motions. Pursuant to the Court's Order for Expedited Briefing, (Doc. 36), on September 1, 2022 Plaintiffs filed a response and Defendant filed a reply to the motions. (Docs. 37 and 38). Having considered the parties' briefing and the record of the case, the Court will grant in part Defendant's Motion to Stay Proceedings, (Doc. 33), and grant Defendant's Motion to Extend Deadline to Respond to Plaintiffs' Motion for Conditional Certification, (Doc. 35).

       Plaintiffs bring claims against Defendant under the Fair Labor Standards Act ("FLSA"). On March 28, 2022, third party Rusco Operating, LLC filed a Motion to Intervene, stating it operates an online platform by which it connects independent contractors with oil-and-gas operators to meet the needs of specific projects. (Doc. 18). Rusco contends some of the plaintiffs in this case agreed to arbitrate the claims now asserted against Defendant through their agreements with Rusco concerning their classification as independent contractors. Plaintiffs

oppose the Motion to Intervene.  On March 29, 2022, the Court held a status conference at which counsel for Plaintiffs and Defendant agreed to delay the entry of a scheduling order setting discovery and other pretrial deadlines until the Motion to Intervene is resolved.  *See* (Doc. 22) (Clerks' Minutes) and (Doc. 23) (Order finding good cause to delay entry of a scheduling order). Nevertheless, on August 22, 2022 Plaintiffs filed a Motion for Conditional Certification, (Doc. 32).

Defendant asks the Court to stay the case pending a ruling on the Motion to Intervene and to deny the Motion for Conditional Certification without prejudice as premature.  (Doc. 33).  In the alternative, Defendant asks the Court to extend Defendant's deadline to file a response to the Motion for Conditional Certification until after the Court enters a scheduling order or until after the Motion to Intervene is decided.  (Doc. 35).  Defendant states that, if Rusco is permitted to intervene, Rusco plans to file a motion to compel arbitration.  Defendant argues that a stay is warranted because the issues of whether Rusco will be permitted to intervene and whether arbitration will be compelled will impact the existence and scope of any potential putative class. (Doc. 33) at 1-3.  Defendant further states that it may need to conduct limited class discovery to determine whether to stipulate to a conditional class, and that it might file a motion to compel arbitration if Rusco is not permitted to intervene.  *Id.* at 3.

In response to the motions, Plaintiffs state that they never agreed to delay moving for conditional certification and there is no prohibition on a plaintiff filing such a motion prior to the entry of a scheduling order.  (Doc. 37) at 1-2.  Plaintiffs contend that the putative class members' FLSA claims "continue to die daily" because the limitations period under the FLSA is only tolled once a class member files a consent to opt in.  *Id.* at 2-3.  Therefore, Plaintiffs ask the Court to deny Defendant's Motion to Stay and Motion to Extend, or in the alternative, enter an

order tolling the putative class members' statute of limitations from the date Plaintiffs filed their Motion for Conditional Certification (August 22, 2022) until the date the opt-in notice is sent or the certification motion is denied. *Id.* at 3-4, 8.

In reply, Defendant maintains that a stay is appropriate because Rusco's Motion to Intervene is supported by substantial legal authority and notes that other judges in this court have granted similar motions by Rusco. (Doc. 38) at 1-2. Defendant argues that Plaintiffs' request for equitable tolling is not properly before the Court because Plaintiffs did not raise the issue at the status conference or in a motion. Nevertheless, Defendant does not oppose tolling the limitations period from the date the case is stayed until the stay is lifted. *Id.* at 2-3. Defendant also maintains that a stay of the case pending a ruling on the Motion to Intervene would conserve the Court's and the parties' resources because the outcome of that motion will affect the scope of the class. *Id.*

While Plaintiffs oppose a stay of this case due to the running of the FLSA's statute of limitations, Plaintiffs have neither raised this issue earlier in this case nor filed a motion to toll the statute of limitations. A response brief is not the proper place to raise this issue; instead, the proper procedure is to file a motion with the Court. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). The Court finds persuasive Defendant's reasons for seeking a stay and extension and agrees that it would be most efficient to delay briefing on class certification until the Motion to Intervene and any motions to arbitrate are resolved, and after a scheduling order is entered for discovery on the class certification issue. *See Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015) ("It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants.") (citation omitted). Therefore, the Court will

grant Defendant's Motion to Stay as to the request to stay the case pending resolution of the Motion to Intervene. The Court denies Defendant's request to deny without prejudice Plaintiffs' Motion for Conditional Certification as that relief would be dispositive and is for the presiding judge to decide. The Court will also grant Defendant's motion for an extension to file a response to the Motion for Conditional Certification. Instead of setting a deadline at this time, the Court will set a new scheduling conference once the Motion to Intervene is decided, at which point the Court will enter deadlines for discovery and briefing of the certification issue.

IT IS THEREFORE ORDERED that Defendant's Motion to Stay Proceedings, (Doc. 33), is GRANTED in part and this case is STAYED pending a ruling on the Motion to Intervene, (Doc. 18). The Motion is denied as to any other relief requested.

IT IS FURTHER ORDERED that Defendant's Motion to Extend Deadline to Respond to Plaintiffs' Motion for Conditional Certification, (Doc. 35), is GRANTED, and a deadline to respond will be set at the scheduling conference that will take place after the Motion to Intervene has been decided.

IT IS SO ORDERED.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE