IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA PALCZYNSKY, individually and on behalf
of all class members and all those similarly situated,

    Plaintiffs,

v.       No. 2:21-cv-1125 DHU/KRS

OIL PATCH GROUP, Inc.,

    Defendant,

RUSCO OPERATING, LLC,

    Intervenor.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on February 27, 2024. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below:

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of twenty-five (25) interrogatories total by Plaintiffs to Defendants and twenty-five (25) total by Defendants to Plaintiffs, with responses due thirty (30) days after service.

(b) Maximum of twenty-five (25) requests for admission total by Plaintiffs to Defendants and twenty-five (25) total by Defendants to Plaintiffs, with responses due thirty (30) days after service.

(c) Maximum of ten (10) depositions by Plaintiffs and ten (10) by Defendants. Each deposition (other than of Defendants' representatives and the named Plaintiffs) limited to maximum of four (4) hours unless extended by agreement of parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Stipulation for conditional certification, if any: **April 22, 2024**;

(b) Plaintiffs' Motion for Conditional Certification, if any: **May 6, 2024**;

(c) Termination of discovery for class/collective certification: **May 30, 2024**;

(d) Defendants' Motion for Conditional Decertification due: **May 30, 2024** (Response due **June 10, 2024**, Reply due **June 17, 2024**);

(e) Plaintiffs' expert reports on class/collective certification due: **June 3, 2024**;

(f) Defendants' expert reports on class/collective certification due: **June 10, 2024**;

(g) Plaintiffs' Motion for Rule 23 Class Certification due: **July 29, 2024** (Response due **August 12, 2024**, Reply due **August 19, 2024**);

(h) Deadline for expert reports for merits issues: **September 23, 2024** (for both parties);

(i) Termination of discovery for non-expert merits issues, including depositions: **November 22, 2024**;

(j) Deadline for discovery motions for merits issues: **December 12, 2024**;

(k) Deadline for supplementing discovery/disclosures: Due within thirty (30) days after information or documents giving rise to the need to supplement are discovered, but no later than 30 days before trial;

(l) All other motions:[1]  **December 23, 2024**;

(m) Pretrial order:   To be set by the presiding judge.

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery. The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE