IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA PALCZYNSKY, ET AL.,
*individually and on behalf of all class members
and those similarly situated*,

      Plaintiffs,

      v.                                                                     No. 2:21-cv-01125-DHU-KRS

OIL PATCH GROUP, INC.                           Class and Collective Action

      Defendant,

RUSCO Operating, LLC,

      Intervenor.

**MEMORANDUM OPINION AND ORDER**

      This matter is before the Court on Defendant Oil Patch Group and Intervenor RUSCO Operating, LLC's Joint Motion for Partial Reconsideration ("Motion"), filed April 01, 2025. Doc. 111. The Court heard argument on the Motion on April 02, 2025, at which counsel for all parties were present. On April 04, 2025, Plaintiffs responded to the Motion in writing. Having considered the parties briefs, the record of the case, the arguments of counsel and applicable law, the Court finds that the Joint Motion for Partial Reconsideration is without merit and shall be **DENIED**.

      The Federal Rules of Civil Procedure do not mention motions for reconsideration. *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Rather, a motion for reconsideration may be construed in one of three ways: "if filed within [twenty-eight][1] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than [twenty-eight] days after entry of

---

[1] Since *Computerized Thermal Imagining* was published in 2002, the relevant time period under Rule 59(e) has changed from 10 days to 28 days.

1

judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Id.* Lastly, a motion to reconsider any order that is not final is a general motion that invokes the Court's inherent authority to reopen any interlocutory matter at its discretion. *See Pedroza v. Lomas Auto Mall*, 258 F.R.D. 453, 462 (D.N.M. 2009); *see also Price v. Philpot,* 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge.")(internal citations omitted).

Neither a Rule 59 nor a Rule 60 motion allow for reconsideration to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Id.* Therefore, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. Finally, when it comes to motions to reconsider interlocutory orders, Rule 54(b) "(i) provides that a district court can freely reconsider its prior rulings; and (ii) puts no limit or governing standard on the district court's ability to do so, other than that it must do so 'before the entry of judgment.'" *United States v. Loera*, 182 F. Supp. 3d 1173, 1206 (D.N.M. 2016), *aff'd*, 923 F.3d 907 (10th Cir. 2019) (citing Fed. R. Civ. P. 54(b)).

In this case, Defendant and Intervenor filed their Joint Motion for Partial Reconsideration within 28 days of the entry of the Memorandum Opinion and Order they challenge. Doc. 111. They are asking this Court to reconsider its Memorandum Opinion and Order on Plaintiff's Motion for Conditional Certification. *Id.* Specifically, Defendant and Intervenor are asking reconsideration of section III. A. 2. of the Certification Order, wherein the Court ruled that "The Court Will Not Deny Notice to Putative Class Members Who May Have Signed Arbitration Agreements." *Id.* (citing

Doc. 107 at 14–16). In their Motion, Defendant and Intervenor do not present any intervening change in controlling law, new evidence not previously available, or need to correct clear error to support their request for reconsideration. Instead, Defendant and Intervenor attach arbitration agreements to their Motion and argue that they were unable to identify potential class members until the Court issued its Memorandum Opinion and Order on Plaintiff's Motion for Conditional Certification. The Court finds this argument unpersuasive, as the arbitration agreements were previously available to the Intervenor and this issue could have been raised during the certification process. Therefore, the Court finds that under Rule 59(e) no such grounds for reconsideration exist. *See Servants of the Paraclete*, 204 F.3d at 1012 (10th Cir. 2000) (noting that a motion for reconsideration is not an appropriate vehicle to reargue an issue previously addressed by the court or to advance arguments that could have been raised in prior briefing). The Court also declines to grant reconsideration under 54(b) finding no reason to reconsider what it has already thoughtfully considered. Defendant and Intervenor's Motion is therefore **DENIED**.

    **SO ORDERED.**

                                                                         _____
                                                        HON. DAVID HERRERA URIAS
                                                        UNITED STATES DISTRICT JUDGE