IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOSHUA PALCZYNSKY, *et al.*, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OIL PATCH GROUP, INC.,<br><br>Defendant,<br><br>and<br><br>RUSCO OPERATING, LLC,<br><br>Intervenor-Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 2:21-cv-1125 DHU-KRS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION TO AMEND SCHEDULING ORDER**

Before the Court is the Joint Motion to Amend the Scheduling Order ("Motion") filed on June 13, 2025 by Plaintiffs Joshua Palczynsky *et al.*, Defendant Oil Patch Group, Inc., and Intervenor-Defendant RUSCO Operating, LLC. (Doc. 127). The Motion states that the parties seek "an extension of the deadlines set forth in the [February 27, 2024] Scheduling Order—particularly the deadlines related to merits-based discovery." (*Id.* at 1). For the reasons discussed below, the Motion will be denied without prejudice to filing a renewed motion that includes a proposed amended scheduling order.

**Discussion**

The Court begins by noting that the discovery deadline in the most recent Scheduling Order, which was entered on February 27, 2024 (Doc. 75), expired more than eight months ago,

on November 11, 2024. Although the Motion shows good cause for extending the discovery deadline, it does not show good cause or excusable neglect for seeking an extension long after the deadline expired. *See* FED. R. CIV. P. 16(b)(4) (good cause required to modify scheduling order); FED. R. CIV. P. 6(b)(1)(B) (excusable neglect required to extend deadlines that have already expired); *see, e.g., GreenCity Demo, LLC v. Wood Env't & Infrastructure Sols., Inc.*, No. 3:19-CV-146-RGJ, 2022 WL 17553026, at *2 (W.D. Ky. Dec. 9, 2022); *Fleming v. City of Fort Wayne*, No. 1:21-CV-339-HAB, 2022 WL 4465366, at *1 (N.D. Ind. Sept. 26, 2022). Indeed, it would appear the parties are unable to show either good cause or excusable neglect for failing to seek a timely modification of the current Scheduling Order, because the docket indicates they were aware of the need for a modification as far back as May 9, 2024. Specifically, on that date, counsel for Oil Patch filed a letter addressed to the Court requesting that the deadline in the February 27, 2024 Scheduling Order be cancelled due to the then-pending motion to compel arbitration. (Doc. 82). Rather than grant the relief requested in the letter, however, the Court ordered the letter stricken as procedurally improper, instructing Oil Patch to file a motion seeking the requested relief. *See* (Doc. 83); *see also* (Doc. 75 (Scheduling Order at 3) ("Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made *by motion*") (emphasis added)); *see generally* FED. R. CIV. 7(b)(1) ("A request for a court order must be made by motion."). Yet no motion was ever filed. Instead, the parties allowed the deadlines in the February 27, 2024 Scheduling Order to expire without taking any further action to obtain an extension from the Court.

Although "courts subject joint motions to less scrutiny than opposed motions," that does not mean a court will "rubber stamp unopposed motions." *OptumCare Mgmt., LLC v. Gutierrez-Barela*, No. CV 20-474 RB/SCY, 2023 WL 1787888, at *3 & n.1 (D.N.M. Jan. 25, 2023); *see,*

2

*e.g., Green Automotive, LP v. ATN Mgmt. Co., LLC,* No. CIV-18-28-R, 2019 WL 3711753, at *3 (W.D. Okla. Jan. 25, 2019) (denying joint motion to amend because "[t]he parties wholly ignored their obligations to the Court and expected the Court to ignore their transgressions and extend all of the deadlines, even those that expired more than two months before their request for extension was filed."). Like the parties in *Green Automotive*, "[w]hen called upon to explain why the deadlines passed without the parties seeking a modification of the scheduling order, no adequate explanation [has been] proffered." *Id.* Nevertheless, although the Motion fails to show good cause or excusable neglect for the parties' delay in seeking relief from the Court from the now-expired Scheduling Order deadlines, the Court will attempt on its own to determine whether the record indicates some explanation--other than inexcusable neglect--for the parties' failure to move to amend in a timely fashion. No excuse is shown in any court order or otherwise on the docket itself. However, it appears that the discovery and motions deadlines were shown in CM/ECF as having been terminated on May 14, 2024, which is the date of the Court's order striking the letter from counsel for Oil Patch. The Court repeats there is no order terminating those deadlines. Instead, there is merely a clerical notation in the electronic system outside the docket indicating the deadlines were terminated, which apparently was made prematurely but likely in anticipation of Oil Patch filing a motion as it had been directed to do. Still, the fact that CM/ECF indicates that the deadlines were terminated suggests the parties could have believed that a motion to amend was unnecessary (notwithstanding the Court's order to file one).

      The Court reiterates that the parties have not provided any explanation in their Motion for why they did not seek an amendment to the Scheduling Order before filing the present Motion. But the Court will give the parties the benefit of the doubt, and find good cause and excusable neglect based on the assumption that they were under the impression from CM/ECF that the

deadlines were no longer in effect. *See, e.g., OptumCare Mgmt., LLC,* 2023 WL 1787888, at *1 ("A determination of whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" (quoting *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)))).

The Court will not grant the Motion as currently presented, however. Although the Court is willing to relieve the parties from the expired deadlines in the February 27, 2024 Scheduling Order, it declines do so without setting any new deadlines, which appears to be the relief sought by the parties. The Motion asks that the Court extend the discovery deadlines pending resolution of Oil Patches' and RUSCO's joint motion for certification of an interlocutory appeal. *See* (Doc. 127 at 3).[1] First, the Court generally tries to avoid vacating deadlines for an indefinite period of time, because, without any deadlines in place, the Court cannot ensure "the just, speedy, and inexpensive determination" of the action. FED. R. CIV. P. 1; *see OptumCare Mgmt., LLC,* 2023 WL 1787888, at *2 (noting that the court previously denied a motion to extend in part because of "the age of the case and the Civil Justice Reform Act's mandate to implement a delay reduction plan to 'ensure just, speedy, and inexpensive resolution of civil disputes'" (internal quotations omitted)). In fact, this case exemplifies what can happen if deadlines are vacated without any new ones being imposed.[2] Second, since the parties filed the Motion, the presiding judge entered an

---

[1] That this is the relief requested is confirmed by the parties' proposed order submitted to Chambers, which contains the following language: "the Court further **ORDERS** that the current Scheduling Order (Dkt. 75) is hereby **VACATED**. A new Scheduling Order will be entered once the Court rules on OPG and RUSCO's Joint Motion for Certification for Interlocutory Appeal."

[2] Under the belief that deadlines were vacated while the motion to compel arbitration was pending, the parties made no effort to conduct discovery of any kind *even after* the motion to compel arbitration was ruled on. Plaintiffs' counsel stated at the last status conference that the parties did not conduct any discovery after the ruling on the motion to compel arbitration because they were then waiting for a ruling on Plaintiffs' motion for conditional class certification. But neither the case in general, nor discovery specifically, was stayed pending a ruling on Plaintiff's motion for conditional class certification. The parties merely took it upon themselves to conserve their resources until after that ruling. *See Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006) ("The District Court's

order denying the joint motion for certification of an interlocutory appeal. *See* (Doc. 131). Accordingly, the request in the Motion to delay entering an amended scheduling order until after a ruling on the appeal certification motion is moot.³

**FOR THE REASONS STATED ABOVE,** the Joint Motion to Extend the Scheduling Order (**Doc. 127**) is **DENIED WITHOUT PREJUDICE.** The parties are directed to file a renewed motion that includes a proposed amended scheduling order with specific deadlines that do not depend on any future events that are expected to or might occur on as-yet unknown dates. Furthermore, the proposed amended scheduling order should provide for discovery to be completed on or before January 31, 2026. A renewed motion should be filed on or before **July 31, 2025**.

IT IS SO ORDERED this 21st day of July, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

Scheduling Order does not expressly provide that parties may extend the deadline by agreement without the permission of the Court"). Had the Court been aware of counsels' arrangement amongst themselves to delay discovery, it would have directed the parties to conduct discovery on class certification issues in this time period. Instead, the case has been languishing for three years and nine months with apparently no discovery having taken place.

³ The presiding judge also denied the subsequently filed joint emergency motion by Oil Patch and Rusco to temporarily stay proceedings while those parties seek to appeal the presiding judge's ruling requiring the production of contact information for putative class members who have signed an arbitration agreement. *See* (Docs. 132, 140). *And* the Tenth Circuit has since vacated its previously entered temporary stay and denied the writ of mandamus petition filed in that court by Oil Patch and Rusco. *See* (Doc. 141). On July 18, 2025, Oil Patch and Rusco filed another joint emergency motion to temporary stay proceedings, this time pending a ruling by the Tenth Circuit on a petition for Rehearing En Banc and Panel Rehearing they state would be filed later that day. (Doc. 142). That too has been denied. (Doc. 143). Accordingly, the Court finds no reason to excuse the parties from proposing a new scheduling order with specific deadlines. Consistent with what has been said in this Order, the Court will not grant a renewed motion that seeks to hold the entry of an amended scheduling order in abeyance until some later date. Regardless of any future motions any party intends to file, the renewed motion must not seek to merely vacate the current Scheduling Order but to replace the current Scheduling Order with an Amended Scheduling Order.