**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSHUA PALCZYNSKY, *et al.*, individually )
and on behalf of all those similarly situated, )
                                  )
     Plaintiffs, )
                                  )     Civil Action No. 2:21-cv-1125 DHU-KRS
v. )
                                  )
OIL PATCH GROUP, INC., )
                                  )
     Defendant, )
                                  )
and )
                                  )
RUSCO OPERATING, LLC, )
                                  )
     Intervenor-Defendant. )

**ORDER GRANTING RENEWED JOINT MOTION**
**TO EXTEND SCHEDULING ORDER**

Before the Court is the Renewed Joint Motion to Extend Scheduling Order (the "Motion")

and Proposed Scheduling Order, filed July 31, 2025, by Plaintiffs Joshua Palczynsky *et al.*,

Defendant Oil Patch Group, Inc., and Intervenor-Defendant RUSCO Operating, LLC (collectively

hereinafter the "Parties"). (Doc. 161). The Court hereby adopts the Parties' Proposed Scheduling

Order, as reflected in the dates below.

Accordingly, **IT IS HEREBY ORDERED** that the parties shall continue to adhere to the

following discovery plan requirements set forth in the February 27, 2024, Scheduling Order, (Doc.

75), which provides:

    (a)    Maximum of twenty-five (25) interrogatories total by Plaintiffs to Defendants and

             twenty-five (25) total by Defendants to Plaintiffs, with responses due thirty (30)

             days after service;

(b)    Maximum of twenty-five (25) requests for admission total by Plaintiffs to Defendants and twenty-five (25) total by Defendants to Plaintiffs, with responses due thirty (30) days after service; and

(c)    Maximum of ten (10) depositions by Plaintiffs and ten (10) by Defendants. Each deposition (other than of Defendants' representatives and the named Plaintiffs) limited to maximum of four (4) hours unless extended by agreement of Parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern and are amended as follow:[1]

(a)    Termination of discovery for class/collective certification: **November 21, 2025**;

(b)    Defendants' Motion for Conditional Decertification due: **December 31, 2025** (Responses due **January 14, 2026**, Replies due **January 28, 2026**);

(c)    Plaintiffs' expert reports on class/collective certification due: **November 1, 2025**;

(d)    Defendants' expert reports on class/collective certification due: **November 21, 2025**;

(e)    Plaintiffs' Motion for Rule 23 Class Certification due: **January 16, 2026** (Responses due **January 30, 2026**, Replies due **February 13, 2026**);

(f)    Deadline for expert reports for merits issues: **January 16, 2026** (for all parties);

(g)    Termination of discovery for non-expert merits issues, including depositions: **January 31, 2026**;

(h)    Deadline for discovery motions for merits issues: **February 13, 2026**;

---

[1] In the Proposed Scheduling Order, the Parties state that Stipulation for conditional certification, if any, is completed and, as such, no new deadline is necessary. The same holds for Plaintiffs' Motion for Conditional Certification. Hence, the Court will not address nor amend those corresponding deadlines. *See* (Doc. 161-1) at 3.

(i)      Deadline for supplementing discovery/disclosures: Due within thirty (30) days after information or documents giving rise to the need to supplement are discovered, but no later than thirty (30) days before trial;

(j)      All other motions:[2] **February 27, 2026**; and

(k)      Pretrial order: To be set by the presiding judge.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery deadline. A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline. The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery. The Parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

[2] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order.